UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-62071-CIV-DIMITROULEAS/HUNT

GEOVANI NUNEZ,

   Plaintiff,

vs.

M.I.A. SMART FILM SOLUTIONS, LLC,
and GHERVIC DALESSANDRO,

   Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff Geovani Nunez's Motion for Judgment Against Garnishee JP Morgan Chase Bank, N.A ("Motion").  ECF No. 22.  The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate ruling or report and recommendation.  ECF No. 23; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Having considered the Motion, the entire record, and being otherwise fully advised in the premises, the undersigned RECOMMENDS for the reasons set forth below that Plaintiff's Motion for Judgment Against Garnishee be GRANTED.

In February 2025, this Court entered a final default judgment in favor of Plaintiff against Defendants M.I.A. Smart Film Solutions, LLC, and Ghervic Dalessandro (collectively, "Defendants").  ECF No. 15.  This Court concluded that "Plaintiff Geovani Nunez is entitled to $5,993.78 in overtime damages and $5,993.78 in liquidated damages, for a total damages award of $11,987.56, plus post judgment interest, for which let

execution issue." *Id.* at 4.

Plaintiff subsequently moved for a writ of garnishment against Garnishee JP Morgan Chase Bank, N.A. ("Garnishee").  ECF No. 17.  Garnishee placed a hold on a total sum of $23,975.12 in an account held by Defendant M.I.A. Smart Film Solutions, LLC.  ECF No. 20.  Garnishee claimed it is entitled to a statutory fee of $100.00 pursuant to Fla. Stat. § 77.28.  *Id.*

Plaintiff does not dispute Garnishee's entitlement to its $100.00 fee, and he now moves for entry of final judgment in the amount of $13,375.53, which includes the principal judgment amount of $11,987.56, interest of $1,232.97, and costs of $155.00.[1]  ECF No. 22.  The record demonstrates that Plaintiff has complied with the relevant garnishment statutes.  Additionally, no response was filed in opposition to Plaintiff's motion and the time to do so has passed.  *See* S.D. Fla. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default.").  Accordingly, the Motion should be granted.  *See Managed Healthcare Sols. Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV-SEITZ/SIMONTON, 2012 WL 12948557, at *2 (S.D. Fla. Dec. 31, 2012) (concluding that defendant was entitled to final judgment against garnishee for full sum identified in answer), *report and recommendation adopted*, 2013 WL 12201245 (S.D. Fla. Jan. 3, 2013).

---

[1]  Process server fee of $55.00 and Garnishee's statutory fee of $100.00.  ECF No. 22 at 20.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Entry of Final Garnishment Judgment, ECF No. 22, should be GRANTED.   The Clerk of Court should enter judgment in Plaintiff's favor against Garnishee in the amount of $13,375.53.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED in Chambers at Fort Lauderdale, Florida, on the 12th day of May 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record

3